**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**Kenneth Cox,**

              **Plaintiff,**          **Civil Action No. 10-14561**

        **vs.**                 **District Judge Avern Cohn**

**Patricia Caruso, et al.,**         **Magistrate Judge Mona K. Majzoub**

             **Defendant.**

_____/

### Report and Recommendation

Before the Court is Defendant Forrest Dotson's motion for summary judgment on Plaintiff Kenneth Cox's 42 U.S.C. § 1983 Eighth Amendment denial of medical care claim.[1] The Court has been referred this matter for a report and recommendation pursuant to 28 U.S.C § 636(b)(1)(B). (Dkt. 11.) The Court has reviewed the pleadings, dispenses with a hearing, and is now ready to issue this report and recommendation.[2]

**I.      Recommendation**

Because the Court finds that Plaintiff has not created a genuine issue of material fact that Defendant Dotson was deliberately indifferent to Plaintiff's serious medical needs, thus failing to bring forth evidence of the subjective component of his claim, the Court recommends granting Defendant's motion for summary judgment and dismissing this case.

--------------------------------

[1]On November 9, 2010 the court *sua sponte* dismissed Plaintiff's claim against four other defendants due to Plaintiff's failure to allege any facts that show that those four defendants were personally involved in the events giving rise to Plaintiff's complaint. (Dkt. 4.)

[2]The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

1

**II.     Report**

**A.     Facts**

Plaintiff, currently a prisoner at the Chippewa Correctional Facility in Kincheloe, Michigan,
filed this § 1983 action alleging that Defendant Dotson denied him access to prescribed insulin
injections for his diabetes while he was incarcerated at the Mound Correctional Facility in Detroit,
Michigan.[3]

Plaintiff states that he is an insulin-dependent diabetic who needs to receive insulin and have
his blood sugar levels checked four times per day.  (Compl. at 5.)  Plaintiff states that, at the time
of the incident giving rise to this action, Plaintiff had a valid medical detail that stated that he had
to report to the prison's health services department to receive his insulin and check his blood sugar
levels.  (*Id.*)  He alleges that Defendant Dotson "repeatedly told" him that he could not report to the
health services department until the control center announced the diabetic med-line.  (*Id.*)  Plaintiff
then alleges that the staff "repeatedly failed to provide an officer" at the health services department,
resulting in the nurses' inability to allow any prisoner inside of the building.  (*Id.*)  So Plaintiff states
that he was "repeatedly unable to have [his] blood sugar level checked and receive insulin on a
regular basis."  (*Id.*)

Plaintiff alleges that the problems he faced at Mound Correctional Facility were an ongoing
problem.  (Compl. at 7.)  He maintains that, at noon each day, he had a medical detail to go the

---

[3]Defendant Dotson, at the relevant times of this lawsuit, was a Michigan Department of
Corrections employee and a lieutenant at the Mound Correctional Facility in Detroit, Michigan.
(Def.'s Mot. for Summ. J., Ex. 1, Dotson Aff. ¶ 1.)

health services department to get his insulin and have his blood sugar levels checked.[4]  (*Id.*)  But he states that, "several times" when he was at the health services department, no officer had been there and he did not have his blood sugar levels tested or his insulin shot.[5]  Plaintiff states that not receiving his insulin puts his life in danger.  (*Id.*)

Plaintiff further alleges that the named defendants are responsible because they control what is going on in the prison.  (*Id.*)

On June 17, 2008 Plaintiff states that he spoke with Defendant Dotson about his issue, and Defendant Dotson did not resolve the issue.  (Compl. at 12.)  Plaintiff states that, on June 17, Defendant Dotson told him that there was no officer at the health services department, and therefore that Plaintiff had to leave and could not go back to the health department until an officer was present.  (*Id.*)

## B.    Summary judgment standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A moving party may meet that burden "by 'showing' – that is, pointing out to the

---

[4]Plaintiff, in his grievance, states that the specific day of the incident was March 29, 2008, although he does state that his problems with receiving his insulin and getting his blood sugar levels checked were an ongoing problem.  (Compl. at 9.)

[5]MDOC policy appears to prohibit the nurses from servicing the prisoners without an officer present.  (Compl. at 10.)  In the third step grievance response, the author of the response states that, "there is a process for health care staff to obtain an officer if there is no officer present.  Whether this process was followed on the date at issue in the current grievance has not been determined.  It is recommended that appropriate administrative staff take steps to ensure than an officer is made available when it is time to open health care and at other appropriate times, whether already assigned or obtained through the above-referenced process."  (*Id.*)

district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  Revised Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  The revised Rule also provides the consequences of failing to properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, *id.* at 587,

4

drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v. Pike County Bd. Of Education*, 286 F.3d 366, 370 (6th Cir. 2002).

### C.      Analysis

Plaintiff's Eighth Amendment failure to provide adequate medical care claim fails.  It fails because he has not alleged evidence that supports that Defendant Dotson was deliberately indifferent to Plaintiff's medical needs.

### 1.      Failure to provide medical treatment standard

To establish a constitutional violation of the right to adequate medical care, a plaintiff must prove two components–one objective, the other subjective.  *Jerauld ex rel. Robinson v. Carl*, No. 09-5714, 2010 WL 5439796, at *5 (6th Cir. Dec. 30, 2010).

The objective component requires a plaintiff "to allege facts showing that the medical need at issue [wa]s sufficiently serious." *Id.* (internal quotation marks and citation omitted).  A plaintiff can show that a medical need was sufficiently serious by alleging facts that "show an obvious need for medical care that laymen would readily discern as requiring prompt medical attention by competent health care providers." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 898 (6th Cir. 2004).  A plaintiff can also show that his medical need is "objectively seriously" if the medical condition is "one that has been diagnosed by a physician as mandating treatment." *Id.* (citation, quotation marks, and emphasis omitted).

The subjective component requires a plaintiff to "allege facts which, if true, would show that (1) the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, (2) that he did in fact draw the inference, and (3) that he then disregarded that risk." *Id.*

5

(internal quotation marks and citation omitted).  A plaintiff can satisfy the subjective component by showing that the officer or official was deliberately indifferent to the plaintiff's serious medical needs.  *Cain v. Irvin*, 286 F. App'x 920, 926 (6th Cir. 2008) (citation omitted).  "Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Jerauld ex rel. Robinson*, 2010 WL 5439796, at *5 (internal quotation marks and citations omitted).  "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the [Eighth Amendment.]" *Vandiver v. Correctional Med. Servs., Inc.*, 06-547, 2010 WL 3779200, at *3 (W.D. Mich. July 2, 2010) (Brenneman, Mag. J.) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

### a.    Objective component

For the purposes of this motion only, Defendant Dotson does not argue that Plaintiff could satisfy this component.  (Def.'s Mot. for. Summ. J. at 3.)

### b.    Subjective component

Defendant Dotson argues that Plaintiff has failed to create an issue of fact as to the subjective component of Plaintiff's claim.  (Def.'s Mot. for Summ. J. at 4.)  Defendant Dotson explains that there is no evidence that he was subjectively aware that Plaintiff was at a substantial risk of serious harm and then ignored that risk of harm.  Defendant Dotson has submitted an affidavit outlining the day in question's events through his eyes.  (*Id.*, Ex. 1, Dotson Aff.)   Defendant Dotson states that he never denied Plaintiff insulin and that he simply told Plaintiff that he would have to return when the diabetic med line was set up and ready to go, "which included having the Health Care Officer there."  (*Id.* ¶ 7.)  Defendant Dotson further states that he "never became aware that [Plaintiff] was

6

denied insulin or that [Plaintiff's lack of receiving insulin] was an ongoing problem[.]" (*Id.* ¶ 8.) And he adds that he did not, at any time, know that Plaintiff's medical needs were being ignored. (*Id.*)

Plaintiff argues that he can prove Defendant Dotson's deliberate indifference by the grievances he filed against him. (Pl.'s Mot. for Summ. J. at 2.) He states that these grievances will show that "there was no officer present during a scheduled medical call-out time resulting in Plaintiff not being able to obtain his physician[-]ordered and facility[-]approved medical treatment." (*Id.*) Plaintiff pinpoints Defendant Dotson in the August 19, 2008 grievance; Plaintiff states that this grievance shows that Defendant Dotson was the staff member who denied Plaintiff access to the health services department. (*Id.*) Plaintiff, in his response, then argues that testimony at trial will show that Defendant Dotson is responsible for Plaintiff not receiving his medication. (*Id.* at 3.) Plaintiff further states that Defendant Dotson "is assumed to have been aware of" the medical detail issues. (*Id.*) This assumption, Plaintiff states, will show "Defendant's culpable state of mind" during court proceedings. (*Id.*) But Plaintiff's argument lacks any facts that would show or even hint at the fact that Defendant Dotson inferred a substantial risk to Plaintiff, drew that inference, and then disregarded the risk to Plaintiff. Plaintiff's complaint and subsequent pleadings are insufficient to create a fact question as to the subjective component. Plaintiff fails to show that Defendant Dotson exhibited a "degree of culpability greater than mere negligence" in not allowing Plaintiff to have his medicine when an officer was not present at the health services department. Plaintiff also does not respond to or address Defendant Dotson's affidavit.

Plaintiff therefore cannot satisfy the subjective component; and his claim fails.

Because the Court finds that Plaintiff fails to create a fact issue as to his Eighth Amendment

claim, and the Court recommends dismissing the case on that ground; the Court need not address the parties' qualified immunity arguments.

### D.    Conclusion

For the above-stated reasons, the Court recommends granting Defendant's motion for summary judgment and dismissing this case.

## III.    Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1,"

"Response to Objection #2," etc.


Dated: December 13, 2011                    s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Kenneth Cox and Counsel of Record on this date.


Dated:  December 13, 2011                   s/ Lisa C. Bartlett
                                            Case Manager

9